USDC- BALTIMORE
'25 NOV 20 PM 3:53

*MCH* PEB: USAO 2025R00598

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIK LEE MADISON,<br><br>Defendant. | CRIMINAL NO. MJM 25 cr 364<br><br>(Sexual Exploitation of a Child, 18 U.S.C. § 2251(a); Use of Interstate Commerce Facility to Entice Minor to Engage in Sexual Activity, 18 U.S.C. § 2422(b); Cyberstalking, 18 U.S.C. 2261A(2); Aiding & Abetting, 18 U.S.C. 2; Forfeiture, 18 U.S.C. §§ 2253 & 2428, 21 U.S.C. § 853, and 28 U.S.C. § 2461) |

## INDICTMENT

### COUNT ONE
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland charges that:

On or about December 9, 2024, in the District of Maryland and elsewhere, the defendant,

**ERIK LEE MADISON,**

did knowingly attempt to and did knowingly employ, use, persuade, induce, entice and coerce Minor Victim 1, a minor female, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate foreign commerce, such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions were transported and transmitted using any means and facility of interstate and foreign commerce, that is, **MADISON** used a computer and the internet to request the production and live transmission of depictions of Minor Victim 1

1

engaged in sexually explicit conduct, intending that the depictions be produced and transmitted using a computer and the internet.

18 U.S.C. § 2251(a)
18 U.S.C. § 2

## COUNT TWO
(Coercion and Enticement)

The Grand Jury for the District of Maryland further charges that:

From on or about November 16, 2024 through in or about June 2025, in the District of Maryland, and elsewhere, the defendant,

**ERIK LEE MADISON,**

using any facility and means of interstate and foreign commerce, knowingly attempted to and did persuade, induce, entice, and coerce Minor Victim 1, who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, namely, Sexual Exploitation of a Child as alleged in Count One, Md. Code, Crim. Law § 11-207(a)(1), and Maryland Criminal Law § 3-308, Sexual Offense in the Fourth Degree.

18 U.S.C. §§ 2422(b), 2427
18 U.S.C. § 2

## COUNT THREE
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

On or about September 7, 2025, in the District of Maryland, the Northern District of Illinois, and elsewhere, the defendant,

**ERIK LEE MADISON,**

did knowingly attempt to and did knowingly employ, use, persuade, induce, entice and coerce Minor Victim 2, a minor female, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate foreign commerce, such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions were transported and transmitted using any means and facility of interstate and foreign commerce, that is, **MADISON** used a computer and the internet to request the production and live transmission of depictions of Minor Victim 2 engaged in sexually explicit conduct, intending that the depictions be produced and transmitted using a computer and the internet.

18 U.S.C. § 2251(a)
18 U.S.C. § 2

## COUNT FOUR
(Coercion and Enticement)

The Grand Jury for the District of Maryland further charges that:

From on or about September 6, 2025 through on or about September 8, 2025, in the District of Maryland, the Northern District of Illinois, and elsewhere, the defendant,

**ERIK LEE MADISON,**

using any facility and means of interstate and foreign commerce, knowingly attempted to and did persuade, induce, entice, and coerce Minor Victim 2, who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, namely, Sexual Exploitation of a Child as alleged in Count Three.

18 U.S.C. §§ 2422(b), 2427
18 U.S.C. § 2

## COUNT FIVE
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

On or about September 9, 2025, in the District of Maryland, the Western District of Washington, and elsewhere, the defendant,

**ERIK LEE MADISON,**

did knowingly attempt to and did knowingly employ, use, persuade, induce, entice and coerce Minor Victim 3, a minor female, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate foreign commerce, such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions were transported and transmitted using any means and facility of interstate and foreign commerce, that is, **MADISON** used a computer and the internet to request the production and live transmission of depictions of Minor Victim 3 engaged in sexually explicit conduct, intending that the depictions be produced and transmitted using a computer and the internet.

18 U.S.C. § 2251(a)
18 U.S.C. § 2

## COUNT SIX
(Coercion and Enticement)

The Grand Jury for the District of Maryland further charges that:

From on or about September 5, 2025 through on or about September 18, 2025, in the District of Maryland, the Western District of Washington, and elsewhere, the defendant,

**ERIK LEE MADISON,**

using any facility and means of interstate and foreign commerce, knowingly attempted to and did persuade, induce, entice, and coerce Minor Victim 3, who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, namely, Sexual Exploitation of a Child as alleged in Count Five.

18 U.S.C. §§ 2422(b), 2427
18 U.S.C. § 2

## COUNT SEVEN
(Cyberstalking)

The Grand Jury for the District of Maryland further charges that:

From on or about September 5, 2025 through on or about September 18, 2025, in the District of Maryland, the Western District of Washington, and elsewhere, the defendant,

**ERIK LEE MADISON,**

did, with intent to injure, harass and intimidate another person under the age of 18 years, use interactive computer services, electronic communication services, and electronic communication systems of interstate commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, that is, **MADISON** sent electronic messages by way of a computer and the internet to Minor Victim 3 with the intent to cause Minor Victim 3 to use a razor to injure herself and draw on the wall with her own blood.

18 U.S.C. §§ 2261A(2) & 2261(b)(5)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. of Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 2253 & 2428, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) as a result of the defendant's conviction under any of the offenses set forth in Counts One through Six of this Indictment.

### Child Exploitation Forfeiture

2. Upon conviction of any of the offenses set forth in Counts One, Three, and Five of this Indictment, the defendant,

**ERIK LEE MADISON,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

a. any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received or possessed in violation of Title 18, United States Code, Chapter 110;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

### Coercion and Enticement Forfeiture

3. Upon conviction of any of the offenses set forth in Counts Two, Four, and Six of this Indictment, the defendant,

**ERIK LEE MADISON,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2428(a):

9

    a.    any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses; and

    b.    any property, real or personal, constituting or derived from any proceeds that the defendant obtained, directly or indirectly, as a result of such offenses.

### Substitute Assets

5.    If the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. §§ 2253 & 2428
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Kelly O. Hayes_
Kelly O. Hayes
United States Attorney

SIGNATURE REDACTED
Foreperson
Date: November 20, 2025