**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **CASE NO:  MJM-25-364** |
| **ERIK LEE MADISON,** | |
| Defendant. | |

**GOVERNMENT'S MOTION TO ADMIT EVIDENCE PURSUANT TO RULES 414 & 404(B), AND AS INTRINSIC EVIDENCE TO THE CHARGED COUNTS**

The United States hereby files a motion for a pretrial ruling regarding the admission of evidence at trial pursuant to Rules 414 & 404(b) of the Federal Rules of Evidence.

The government seeks to introduce various prior acts by the defendant at trial, including:

1. Instances of the sexual exploitation of the minor victims referenced in Counts One through Seven of the indictment other than those specifically listed in charged counts. The details of the conduct will be provided in discovery and include additional instances of online exploitation and cyberstalking, including the use of blackmail and extortion to cause the victims to stream themselves engaged in sexually explicit conduct and engaging in self-harm. The conduct occurred between no later than November 2024 and November 2025.

2. The defendant's in-person sexual abuse of a minor victim that occurred between no later than November 2024 and November 2025.

3. Instances of the sexual exploitation of minor females other than the victims referenced in Counts One through Seven of the indictment. The details of the conduct will be provided in discovery and include instances of online exploitation and cyberstalking, including the use of blackmail and extortion to cause the victims to stream themselves engaged in sexually explicit conduct and engaging self-harm. The conduct occurred between no later than November 2024 and November 2025.

4. The defendant's affiliation extremist organizations, including "764," "Slit Town," "ST," "Nefarious Murder Kult" (also known as "NMK") and "The Community" (also known as "Com" and "Comm").

5. The defendant's attempts to conceal his true identity from victims and law enforcement through the use of various methods, including the use of a VPN, the use and control of numerous online accounts in various usernames, the deleting of accounts, instructing others to delete their accounts, instructing others not to provide information to law

    enforcement, using accounts belonging to others, providing photographs of other individuals as himself, and using digital tools to change the sound of his voice.

6. The defendant's distribution of child pornography in 2020.

7. The defendant's online exploitation and sextortion of minor females between 2020 and 2022.

8. The defendant's possession of child pornography and depictions of bestiality in 2022.

The government submits that the defendant's prior conduct listed above is admissible under Rule 414 as evidence of prior bad acts of child molestation. Fed. R. Evid. 414(a). Rule 414 provides in pertinent part:

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

The prior conduct listed above is also admissible as 404(b) evidence of the defendant's identity, modus operandi, intent, motive, planning, and the absence of mistake with respect to the very similar allegations in the indictment. Furthermore, much of the evidence listed above is intrinsic to the charged offenses as the evidence arose out of the same series of events as the charged offenses, and is necessary to complete the story of the crime on trial. As such, proof of these incidents is relevant to the matters at trial.

Accordingly, the government respectfully requests that this Court grant its motion to admit Rule 414 & Rule 404(b) evidence concerning the defendant's prior conduct of child molestation, as defined in the statute.[1]

## **CONCLUSION**

For all of the foregoing reasons, the United States respectfully requests that this Court permit the admission of this evidence at trial.

---

[1] The government will submit a memorandum in support of this motion prior to trial.

3

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____
Paul E. Budlow
Assistant United States Attorney